# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ WAYNE _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: **839-CV-2025** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: John Culliton | Lead Defendant's Name: Toyota Motor Credit Corp. et al |
| --- | --- |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☐ No

Name of Plaintiff/Appellant's Attorney: Brett Freeman

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: FCRA

*Updated 1/1/2011*

John Culliton

Damascus, PA 18415

        Plaintiff

v.

Toyota Motor Credit Corp.
6565 Headquarters Drive, W2-5A
Plano, TX 75024 and

Equifax Information Services, LLC
c/o CT Corporation System
1550 Peachtree Street, N.W.
Atlanta, GA 30309 and

Experian Information Solutions, Inc.,
c/o CT Corporation System
160 Mine Lake Ct., Suite 200
Raleigh, NC 27615-6417 and

Trans Union, LLC,
c/o Corporation Service Company
135 North Pennsylvania St., Suite 1610
Indianapolis, IN 46204,

        Defendants

IN THE WAYNE COUNTY
COURT OF COMMON PLEAS

Civil Action

No. 889-CV-2025

Jury Trial Demanded

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

North Penn Legal Services
925 Court Street
Honesdale, PA 18431
(877) 515-7465

John Culliton,

                Plaintiff

    v.

Toyota Motor Credit Corp., *et al.*,
                Defendants

IN THE WAYNE COUNTY
COURT OF COMMON PLEAS

Docket No. 839- CV- 2025

## COMPLAINT

### INTRODUCTORY STATEMENT

1.     This is a Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, action for damages based on inaccurate information contained in Plaintiff's credit file. Defendants failed to follow reasonable procedures and/or failed to conduct reasonable investigations with respect to such information.

### PARTIES

2.     Plaintiff is a natural person residing at ███████ Damascus, PA, 18415.

3.     Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Toyota Motor Credit Corp. ("Toyota") is an entity with an address of 6565 Headquarters Drive, W2-5A, Plano, TX 75024.

5.     Defendant, Equifax Information Services, LLC ("Equifax"), is a credit bureau doing business in Pennsylvania.

6.     Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

7.    Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit bureau doing business in Pennsylvania.

8.    Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9.    Defendant, Trans Union, LLC ("Trans Union"), is a credit bureau doing business in Pennsylvania.

10.    Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

11.    Pursuant to 15 U.S.C. § 1681p, this claim can be brought in any court of competent jurisdiction.

12.    Venue is proper in this Court because a substantial part of the claim arose here.

## FACTUAL ALLEGATIONS

13.    The foregoing paragraphs are incorporated herein by reference.

14.    In approximately May of 2024, Plaintiff financed a 2024 Toyota Corolla through Toyota (the "Auto Loan").

15.    As part of the transaction, Plaintiff purchased GAP coverage.

16.    Shortly, thereafter the vehicle was totaled in an accident.

17.    Plaintiff's insurance claim was handled through GEICO, and his information was submitted to his GAP insurance company.

2

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

18.    The GAP insurance company approved Plaintiff's claim, and the remaining balance owed on the Auto Loan was paid to Toyota.

19.    However, on or about December 6, 2024, Toyota reported to Equifax, Experian, and Trans Union that the Auto Loan was charged off, and had an unpaid balance of approximately $193.

20.    At no point was Plaintiff ever delinquent on the Auto Loan.

21.    In fact, Toyota's own website showed that Plaintiff has a remaining balance of $0.00 and an amount due of $0.00 on the Auto Laon.

22.    A true and correct copy of a printout from Toyota's website is attached hereto as Exhibit A.

<u>Dispute Letters to Experian</u>

23.    On or about February 13, 2025, Plaintiff mailed a dispute letter Experian.

24.    Included with a copy of the dispute letter, Plaintiff included a copy of the printout from Toyota's website which stated that there was no balance owed on the Auto Loan.

25.    Shortly thereafter, Experian received this dispute letter.

26.    Experian forwarded the February 13, 2025 dispute letter to Toyota.

27.    Alternatively, Experian failed to forward the February 13, 2025 dispute letter to Toyota.

28.    Rather than conduct an investigation of the February 13, 2025 dispute, on February 20, 2025, Experian sent Plaintiff a letter indicating that it was not going

3

to investigate his dispute because it did not believe that the dispute was sent by him.

29.    Specifically, Experian's letter stated:

> We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure, we have not taken any action on your alleged request. According to the federal Fair Credit Reporting Act, "if the completeness or accuracy of any item of information contained in a consumer's file at a national consumer credit reporting company is disputed by the consumer and the consumer notifies the company directly of such dispute, the company shall reinvestigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.
>
> If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400, or visit our secure web site to upload your documents at www.experian.com/dispute

30.    After receiving this letter, on or about July 22, 2025, Plaintiff mailed a second dispute letter to Experian.

31.    In this second dispute letter, Plaintiff again included the printout from Toyota, but this time he also included a copy of his driver's license and his W2 form, to help prove his identity.

32.    Experian forwarded the July 22, 2025 dispute letter to Toyota.

33.    Alternatively, Experian failed to forward the July 22, 2025 dispute letter to Toyota.

34.    Experian mailed Plaintiff dispute results on or about August 4, 2025.

35.    In these dispute results, Experian verified the account, and continued to report that there was a $193 charged off balance that was owed to Toyota.

4

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

## Dispute Letters to Equifax

36.    On or about February 13, 2025, Plaintiff mailed a dispute letter Equifax.

37.    Included with a copy of the dispute letter, Plaintiff included a copy of the printout from Toyota's website which stated that there was no balance owed on the Auto Loan.

38.    Shortly thereafter, Equifax received this dispute letter.

39.    Equifax forwarded the February 13, 2025 dispute letter to Toyota.

40.    Alternatively, Equifax failed to forward the February 13, 2025 dispute letter to Toyota.

41.    Rather than conduct an investigation of the February 13, 2025 dispute, on or about February 20, 2025, Equifax sent Plaintiff a letter stating that it was unable to locate a credit file in its database with the information that he provided.

42.    Equifax stated that it was requiring Plaintiff to submit one of the following: (1) paystub, (2) W2 form, or (3) his social security card.

43.    Equifax also stated that it was requiring Plaintiff to submit one of the following: (1) Driver's license, (2) rental/lease agreement or house deed, (3) paystub, or (4) utility bill.

44.    After receiving this letter, on or about July 22, 2025, Plaintiff mailed a second dispute letter to Equifax.

45.    In this second dispute letter, Plaintiff again included the printout from Toyota, but this time he also included a copy of his driver's license and his W2 form, to help prove his identity.

5

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

46.    Equifax forwarded the July 22, 2025 dispute letter to Toyota.

47.    Alternatively, Equifax failed to forward the July 22, 2025 dispute letter to Toyota.

48.    Equifax mailed Plaintiff dispute results on or about July 31, 2025.

49.    In these dispute results, Experian verified the account as being reported correctly, and continued to report that there was a $193 charged off balance that was owed to Toyota.

### Dispute Letters to Trans Union

50.    On or about February 13, 2025, Plaintiff mailed a dispute letter Trans Union.

51.    Included with a copy of the dispute letter, Plaintiff included a copy of the printout from Toyota's website which stated that there was no balance owed on the Auto Loan.

52.    It is believed, and therefore averred, that shortly thereafter, Trans Union received this dispute letter.

53.    Trans Union forwarded the February 13, 2025 dispute letter to Toyota.

54.    Alternatively, Trans Union failed to forward the February 13, 2025 dispute letter to Toyota.

55.    Plaintiff never received a response from Trans Union regarding his February 13, 2025 dispute letter.

56.    On or about July 22, 2025, Plaintiff mailed a second dispute letter to Trans Union.

6

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

57.     In this second dispute letter, Plaintiff again included the printout from Toyota, but this time he also included a copy of his driver's license and his W2 form, to help prove his identity.

58.     Trans Union forwarded the July 22, 2025 dispute letter to Toyota.

59.     Alternatively, Trans Union failed to forward the July 22, 2025 dispute letter to Toyota.

60.     Trans Union mailed Plaintiff dispute results on or about August 1, 2025.

61.     In these dispute results, Trans Union verified the account as being reported correctly, and continued to report that there was a $193 charged off balance that was owed to Toyota.

<u>Toyota's Receipt of Dispute Letters</u>

62.     It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's February 13, 2025 dispute letter from Experian.

63.     It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's February 13, 2025 dispute letter from Equifax.

64.     It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's February 13, 2025 dispute letter from Trans Union.

65.     It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's July 22, 2025 dispute letter from Experian.

66.     It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's July 22, 2025 dispute letter from Equifax.

7

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

67.    It is believed, and therefore averred, that Toyota was sent a copy of Plaintiff's July 22, 2025 dispute letter from Trans Union.

68.    It is believed, and therefore averred, that Toyota did not conduct a reasonable investigation following its receipt of any of these dispute letters.

69.    It is believed, and therefore averred, that Toyota verified the tradeline for the Auto Loan showing the $193 charge off in response to at least one of the disputes that it was forwarded by Experian, Equifax, and Trans Union.

70.    It is believed, and therefore averred, that Toyota verified the tradeline for the Auto Loan showing the $193 charge off in response to all of the disputes that it was forwarded by Experian, Equifax, and Trans Union.

### Count I – Violation of the Fair Credit Reporting Act
(Applies to Experian, Equifax, and Trans Union)

71.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

72.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

73.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct reasonable reinvestigations of Plaintiff's disputes and by failing to appropriately delete or modify information in Plaintiff's file.

74.    As a result of Defendants' violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, credit

8

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

denials, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

75.    Defendants' actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

*Count II – Violation of the Fair Credit Reporting Act*
(Applies to Toyota)

77.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

78.    Toyota willfully or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, by failing to appropriately report the results of its investigations, and by failing to appropriately modify, delete, or block the disputed information.

79.    As a result of Toyota's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

80.    Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

9

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

81.    Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for actual damages, punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

TRIAL BY JURY

82.    Plaintiff demands a trial by jury as to all issues so triable.

Brett Freeman
Bar Number: PA 308834
Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

10

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access*

*Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate*

*and Trial Courts* that require filing confidential information and documents

differently than non-confidential information and documents.

Brett Freeman
Bar Number: PA 308834
Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

11

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

## Verification of Complaint and Certification by Plaintiff

Plaintiff, John Culliton, being duly sworn according to law, deposes as follows:

1.    I am a plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12 / 10 / 2025___                  *John Culliton*

                                                                    _____
                                                                    John Culliton, Plaintiff

12

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

# EXHIBIT A
(Printout from Toyota's Website)

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1


**TOYOTA**
Financial Services

Welcome, JC      :: Menu

Account Ending: 6306

# Good Morning, John Culliton

**Account Number**
Ending: 6306 ⓘ

**Car Model**
2024 Toyota COROLLA H ⓘ



CLOSED

**Amount Due**
$0.00

**Due Date**
N/A

**Payment Details:**

Current Regularly Scheduled Payment   $0.00
Amount ⓘ

Remaining Balance ⓘ
$0.00

Feedback

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

|  APR  | Remaining Months |
|-------|------------------|
| 0.00% | 0 |

**Make An Express Payment**

Based on your
account status, this
feature is not
available. Please call:

**(908) 874-6822**

**Bank Accounts**

Checking                                    PREFERRED
**Bank Ending: 9683**



**Manage Bank Accounts**

**Billing Statements**

Statement Date          View          Download

Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

Jul 04, 2024

Jun 04, 2024

**View All Statements**

## $ Transactions

| Date | Payment Type | Status | Amount |
|---|---|---|---|
| Jul 22, 2024 | One-Time | Failed | $800.00 |
| Dec 06, 2024 | | Paid | $193.62 |
| Jul 22, 2024 | | Refund Payment | $800.00 |
| Jul 22, 2024 | | Paid | $800.00 |
| Jul 21, 2024 | | Paid | $715.89 |

**View All Transactions**

### ▭ Toyota Rewards Visa® Card

Earn rewards with every purchase.



The Toyota Rewards Visa Card is issued by Comenity Capital Bank

Learn More

## 📢 More For You



Toyota Auto Insurance



Local Specials in Your Area



College Grad Rebate



Military Rebate

Doc ID: 4e2dca940252ac80de6ced82bb61ad76fa6998f1

TFS Resources       ›

Toyota Websites       ›

Investor Relations       ›



## TFS APPS

 

## Follow TFS

 

## Follow Toyota

   

Copyright ©Toyota Financial Services. All rights reserved.

Toyota Financial Services is a service mark used by Toyota Motor Credit Corporation (TMCC) and Toyota Motor Insurance Services, Inc. (TMIS) and its subsidiaries. Voluntary vehicle and payment protection products are administered by TMIS or a third party contracted by TMIS. Retail installment accounts may be owned by TMCC or its securitization affiliates and lease accounts may be owned by Toyota Lease Trust (TLT) or its securitization affiliates. TMCC is the servicer for accounts owned by TMCC, TLT, and their securitization affiliates. (NMLS ID#8027).



Doc ID: 4e2dca940252ac80de6ced82bb81ad76fa6998f1

**✖ Dropbox** Sign                                                     Audit trail

| | |
|---|---|
| **Title** | Complaint.pdf |
| **File name** | Complaint.pdf |
| **Document ID** | 4e2dca940252ac80de6ced82bb81ad76fa6998f1 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ⟳<br>**SENT** | **12 / 08 / 2025**<br>20:18:54 UTC | Sent for signature to John Culliton ████████████<br>from brett@freeman.law<br>IP: ██████████ |
| 👁<br>**VIEWED** | **12 / 10 / 2025**<br>14:24:54 UTC | Viewed by John Culliton ████████████<br>IP: ██████████ |
| ⟋<br>**SIGNED** | **12 / 10 / 2025**<br>16:26:57 UTC | Signed by John Culliton ████████████<br>IP: ██████████ |
| ⊘<br>**COMPLETED** | **12 / 10 / 2025**<br>16:26:57 UTC | The document has been completed. |