Attorneys for Plaintiff:

Brett Freeman: Bar Number PA 308834
FREEMAN LAW
358B Hamlin Highway
Lake Ariel, PA 18436
Phone (570) 589-0010
Facsimile (570) 456-5955
Email brett@freeman.law

Attorneys for Defendants:

Daniel C. Fleming, Esq. (SBN 80126)
Jaimy L. Rothschild Rippe, Esq.
**Wong Fleming, P.C.**
400 Alexander Park Drive, Suite 201
Princeton, NJ 08540
Phone: (609) 951-9520
Fax: (609) 951-0270
Email: dfleming@wonfleming.com; jrippe@wongfleming.com;
sshalloo@wongfleming.com; edubuisson@wongflemikng.com;
clloyd@wongfleming.com; rcrawley@wongfleming.com
*Counsel for Toyota Motor Credit Corp.*

Vincent M. Roskovensky, Bar. No. 89447
vroskovensky@clarkhill.com
One Oxford Center
301 Grant Street, 14th Floor
Pittsburgh,  Pennsylvania 15219
Telephone:  412-394-7716
*Counsel for Defendant Equifax Information Services, LLC*

Myra D. Feagin, Esq.
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 N. Meridian St., Suite 200

Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 607
E-Mail: mfeagin@qslwm.com

*Counsel for Defendant Trans Union, LLC*

John W. Purcell, Jr., Esq.
(PA #29955)
Leon P. Haller, Esq. (PA #15700)
Purcell Krug & Haller
1719 N. Front Street
Harrisburg, PA  17102
Telephone:  717-234-4178
Fax:  717-234-1206
E-Mail:  jpucell@pkh.com
E-Mail:  lhaller@pkh.com

*Local Counsel for Defendant Trans Union, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Culliton,<br>              Plaintiff,<br>v.<br><br>Toyota Motor Credit Corp., *et al*.,<br>              Defendants. | Docket 3:26-cv-00262-KM<br><br>(Judge Karoline Mehalchick)<br><br>FILED ELECTRONICALLY |

### PROPOSED JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.    Principal Issues**

1.1    Separately for each party, please give a statement summarizing this case:

By Plaintiff:  Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("the Act"), which regulates, *inter alia* consumer reporting agencies and furnishers of information provided to consumer reporting agencies. Specifically, Toyota Motor Credit Corp. reported a delinquency regarding Plaintiff which Plaintiff believes is inaccurate. Plaintiff lodged multiple disputes with the various consumer reporting agencies, and the account was verified each time. Each time Plaintiff lodged a dispute, Toyota was sent a notification of the dispute by the consumer reporting agencies, and Toyota informed the consumer reporting agencies that the information was accurate. Plaintiff asserts that Toyota and the consumer reporting agencies failed to comply with their obligations under the Act to conduct reasonable reinvestigations regarding Plaintiff's disputes.

By Defendant:

<u>Trans Union</u>: Trans Union and Plaintiff have reached a settlement. Thus, Trans Union has no recommendation on a proposed schedule.

<u>Experian:</u> Experian and Plaintiff had reached a settlement. Thus, Experian has no recommendation on a proposed schedule.

<u>Equifax</u>: Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Equifax denies Plaintiff's claims and claimed damages. At all times relevant to this lawsuit, Equifax maintained reasonable procedures for accuracy in credit reporting and handled Plaintiff's credit file in compliance with the FCRA. Further, Equifax reasonably reinvestigated any disputes submitted by Plaintiff to Equifax. Equifax denies that any action or inaction of Equifax proximately caused Plaintiff injury, and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that punitive damages are available in this case.

<u>Toyota Motor Credit Corp</u>.:

Defendant Toyota Motor Credit Corporation ("TMCC") denies that it violated the Fair Credit Reporting Act. TMCC maintains that the information furnished regarding Plaintiff's account, including the reported delinquency, was accurate based on the account history, insurance proceeds, and GAP coverage applied after the total-loss event. TMCC maintains that all information furnished regarding Plaintiff's account, including the reported delinquency. was accurate and fully supported by the account history, the insurance proceeds received after the total-loss event, and the GAP coverage applied.

Following the total loss, TMCC properly credited the insurance proceeds and applied the GAP benefits in accordance with the contract terms. The remaining balance reflected on the account was the result of (1) the documented payment reversal initiated only after Plaintiff revoked authorization, with the funds returned to his bank account ending in 9683, and (2) the standard calculation of the deficiency after insurance and GAP proceeds were applied.

The account notes further show that, once Plaintiff authorized his then-fiancée to speak on his behalf, TMCC representatives provided multiple explanations

regarding the GAP filing timeline, the application of benefits, and the resulting balance on various calls from July 2024 through January 2025. These contemporaneous records confirm that the deficiency amount and subsequent delinquency reporting were based on accurate, complete, and contractually supported account data.

Accordingly, Plaintiff has not identified any factual or contractual basis demonstrating that TMCC misapplied insurance proceeds, miscalculated the remaining balance, or furnished inaccurate information to the credit reporting agencies.

Upon receiving each dispute from the consumer reporting agencies, TMCC complied with its obligations under 15 U.S.C. § 1681s-2(b) by conducting an investigation, reviewing the relevant account information, and reporting the results back to the consumer reporting agencies. TMCC's investigations consistently confirmed that a remaining balance was owed.

TMCC conducted a reasonable investigation into Plaintiff's dispute by reviewing all relevant components of the account history, including the payment records, the insurance proceeds received after the total-loss event, and the application of GAP benefits. TMCC verified that the insurance payout and GAP coverage were accurately credited and that the remaining balance resulted from a documented payment reversal initiated only after Plaintiff revoked authorization. TMCC also reviewed the contemporaneous account notes reflecting multiple communications with Plaintiff's then-fiancée, Jennifer Luna, explaining the GAP filing timeline and the resulting balance.

These steps, examining the internal payment records, confirming the insurance and GAP credits, and reviewing the communication history. constitute a reasonable investigation because they directly address the accuracy of the reported information and rely on objective, contemporaneous business records. Based on this review, TMCC reasonably concluded that the reported delinquency and account information were accurate.

 TMCC denies that Plaintiff is entitled to any damages under the Act.

1.2    The facts the parties <u>dispute</u> are as follows:

        All remaining facts.

    <u>agree</u> upon are as follows:

1.3    The legal issues the parties <u>dispute</u> are as follows:

    All remaining legal issues.

<u>agree</u> upon are as follows:

    Plaintiff is a "consumer" as that term is defined in the FCRA.

    Toyota Motor Credit Corp. is a "furnisher" as that term is used in the FCRA.

    Equifax Information Services, LLC is a "consumer reporting agency" as that term is used in the FCRA.

    Experian Information Solutions, Inc. is a "consumer reporting agency" as that term is used in the FCRA.

    Trans Union, LLC is a "consumer reporting agency" as that term is used in the FCRA.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    None.

1.5    Identify any named parties that have not yet been served:

    None.

1.6    Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: None.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:  None.

defendant(s) intends to add: None.

## 2.0    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>John Culliton</u> | Plaintiff |

Disclosed by <u>Defendant Toyota Motor Credit Corp.</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| LaKesha Battle | Corporate Designee |

Disclosed by <u>Defendant Equifax Information Services, LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Celestina Gobin | Corporate Designee |

Disclosed by <u>Defendant Experian Information Solutions, Inc.</u>:

<u>Name</u>                                    <u>Title/Position</u>

_____        Corporate Designee

Disclosed by <u>Defendant Trans Union, LLC</u>:

<u>Name</u>                                    <u>Title/Position</u>

_____        Corporate Designee

## 3.0    Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>            <u>Moving Party</u>        <u>Anticipated Filing Date</u>

## 4.0    Discovery

4.1    Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

By Defendant(s):  Equifax served its Rule 26(a)(1) disclosures on May 1, 2026. Equifax is preparing written discovery requests, which it intends to serve shortly.

Defendant Toyota Motor Credit Corp. anticipates serving required discovery and will make any mandated disclosures. TMCC reserves the right to depose the plaintiff.

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Each party expressly reserves the right to make a subsequent objection to any discovery.

Depositions of the authorized representative of Defendants. Written discovery regarding the claims at issue. Depositions of the individuals at Toyota who conducted the reinvestigations.

Depositions of Plaintiff and any other individuals with knowledge of the allegations. TMCC will depose Plaintiff to understand the basis for his claimed inaccuracy, the nature and extent of his alleged damages, and his communications with TMCC regarding the account at issue.

Depositions of the individuals at Toyota who conducted the reinvestigations. These depositions will address the procedures followed during the reinvestigations, the

information reviewed, and the application of TMCC's policies to Plaintiff's dispute.

Depositions of Plaintiff's then-fiancée, Jennifer Luna. TMCC will seek testimony regarding any communications or actions taken on Plaintiff's behalf relating to the dispute, credit reporting, or alleged damages.

Written discovery regarding the claims and defenses. TMCC will serve interrogatories and requests for production to obtain information concerning Plaintiff's address history, any address updates provided to TMCC, Plaintiff's communications with TMCC, and the factual basis for Plaintiff's allegations of inaccuracy, harm, and causation.

Document discovery concerning Plaintiff's alleged damages. TMCC will request documents relating to Plaintiff's claimed credit harm, including adverse action notices, credit denials, and any other materials relevant to evaluating causation and damages.

Document discovery concerning notice-related issues. TMCC will seek documents and information regarding Plaintiff's address history and any address updates he

contends were provided to TMCC, for purposes of resolving the parties' disputes

concerning notice.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None know at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None know at this time.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1    depositions (excluding experts) to be taken by:

Plaintiff(s):  **10**    Defendant(s):  **10**

4.5.2    interrogatories to be served by:

Plaintiff(s):  **40 on each Defendant**    Defendant(s): **40 by each Defendant**

4.5.3    document production requests to be served by:

Plaintiff(s):  **40 on each Defendant**    Defendant(s):    **40 by each Defendant**

4.5.4    requests for admission to be served by:

Plaintiff(s):  **40 on each Defendant**    Defendant(s):    **40 by each Defendant**

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

The parties have agreed to reasonably exchange e-discovery

information, and that the information will be exchanged in PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0    Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The Parties anticipate there may be a need for a protective order if Plaintiff seeks Defendants' confidential, proprietary and/or confidential business information in discovery. In that event, the Parties will work together to prepare a proposed protective order for the Court's consideration.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0    Scheduling

6.1    Final date for joining additional parties:

January 29, 2027  Plaintiff(s)

January 29, 2027  Defendant(s)

6.2 Final date for amending pleadings:

January 29, 2027  Plaintiff(s)

January 29, 2027  Defendant(s)

6.3 All fact discovery commenced in time to be completed by:

May 28, 2027

6.4 All potentially dispositive motions should be filed by:

August 27, 2027

6.5 Reports from retained experts due:

from plaintiff(s) by April 28, 2027

from defendant(s) by May 28, 2027

6.6 Supplementations due June 28, 2027

6.7 All expert discovery commenced in time to be completed by July 30, 2027

6.8 This case may be appropriate for trial in approximately:

   __   240 Days from the filing of the action in this court
   X   365 Days from the filing of the action in this court
   __   Days from the filing of the action in this court

6.9 Suggested date for the final Pretrial Conference:

September/2027 (month/year)

6.10 Trial

6.10.1 Suggested Date for the Trial:

October/2027 (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

John Culliton
Name

Plaintiff
Title

2137 River Road
Damascus, PA 18415
Address

(631) 334-7366  Daytime Telephone

For Defendant Toyota Motor Credit Corp**:**

LaKesha Battle
Name

Consultant, Litigation Manager
Title

c/o Wong Fleming, P.C.
400 Alexander Park Drive, Suite 201
Princeton, NJ 08540

Address

(469) 486-5330  Daytime Telephone

For Defendant Equifax Information Services, LLC**:**

<u>Kristin Zielmanski</u>
Name

<u>Vice President, Litigation</u>
Title

<u> 1550 Peachtree Street NE, Atlanta, GA 30309</u>
Address

(___)_____ Daytime Telephone


For Defendant Experian Information Solutions, Inc.**:**


_____
Name


_____
Title


_____
Address

(___)_____ Daytime Telephone


For Defendant Trans Union, LLC


_____
Name


_____
Title


_____
Address

(___)_____ Daytime Telephone

**8.0    Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear in-person. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear in-person.

Date ADR to be commenced: One week after close of discovery.

Date ADR to be completed: Three weeks after close of discovery.

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
        ____ Y   _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ____    Scranton/Wilkes-Barre

        ____    Harrisburg

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 LR 16.3(a) modification – The parties agree that the following information contained in this form shall be deemed admissions of each party for all purposes during this action.

   10.1.1    The factual statements in paragraph 1.2 following the heading "that the parties agree upon".

   10.1.2    The legal contentions in paragraph 1.3 following the heading "that the parties agree upon".

10.2 Modifications from Discovery Rules:

   10.2.1    Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this information within 48 hours of request, the deposition may be noticed unilaterally

## 11.0   Identification of Lead Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this

policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

For Plaintiff:

Brett Freeman
FREEMAN LAW
358B Hamlin Highway
Lake Ariel, PA 18436
(570) 589-0010

For Defendant, Toyota Motor Credit Corp.:

Daniel C. Fleming, Esq.
Wong Fleming, P.C.
400 Alexander Park Drive, Suite 201
Princeton, NJ 08540
(609) 951-9520


For Defendant, Equifax Information Services, LLC:

Vincent M. Roskovensky, Bar. No. 89447
vroskovensky@clarkhill.com
One Oxford Center
301 Grant Street, 14th Floor
Pittsburgh,  Pennsylvania 15219
Telephone:  412-394-7716
*Counsel for Defendant Equifax Information Services, LLC*

For Defendant, Experian Information Solutions, Inc.:

For Defendant, Trans Union, LLC:

/s/Myra D. Feagin
Myra D. Feagin, Esq.
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 607
E-Mail:  mfeagin@qslwm.com

*Counsel for Defendant Trans Union, LLC*

John W. Purcell, Jr., Esq.
  (PA #29955)
Leon P. Haller, Esq. (PA #15700)
Purcell Krug & Haller
1719 N. Front Street
Harrisburg, PA  17102
Telephone:  717-234-4178
Fax:  717-234-1206
E-Mail:  jpucell@pkh.com
E-Mail:  lhaller@pkh.com

*Local Counsel for Defendant Trans Union, LLC*


DATED:  5/13/2026        *s/ Brett Freeman*
                         Attorney(s) for Plaintiff(s)
                         ☒ ECF User(s)
                         ☐ Waiver requested (as separate document)
                         ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                         Brett Freeman
                         Bar Number PA 308834
                         FREEMAN LAW
                         358B Hamlin Highway

Lake Ariel, PA 18436
Phone (570) 589-0010
Facsimile (570) 456-5955
Email brett@freeman.law

DATED: 5/13/2026    *s/ Vincent Roskovensky (with consent)*
Vincent M. Roskovensky, Bar. No. 89447
vroskovensky@clarkhill.com
One Oxford Center
301 Grant Street, 14th Floor
Pittsburgh, Pennsylvania 15219
Telephone: 412-394-7716
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

*Counsel for Defendant Equifax Information Services, LLC*

DATED: 5/13/2026    */s/Myra D. Feagin (with consent)*
Myra D. Feagin, Esq.
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 607
E-Mail: mfeagin@qslwm.com
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

*Counsel for Defendant Trans Union, LLC*

DATED: 5/13/2026    *s/ Jaimy L. Rothschild Rippe (with consent)*
Daniel C. Fleming, Esq. (SBN 80126)
Jaimy L. Rothschild Rippe, Esq.
**Wong Fleming, P.C.**
400 Alexander Park Drive, Suite 201

Princeton, NJ 08540
Phone: (609) 951-9520
Fax: (609) 951-0270
Email: dfleming@wonfleming.com;
jrippe@wongfleming.com; sshalloo@wongfleming.com;
edubuisson@wongflemikng.com;
clloyd@wongfleming.com; rcrawley@wongfleming.com
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

*Counsel for Toyota Motor Credit Corp.*


\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.