FREEMAN LAW

Brett M. Freeman
Attorney-at-Law
358B Hamlin Highway
Lake Ariel, PA 18436
(570) 589-0010

August 26, 2026

Hon. Karoline Mehalchick
Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18503

**RE: John Culliton v. TransUnion, LLC*, et al.***
**Middle District of Pennsylvania**
**Docket No. 3:26-cv-00262-KM**

Dear Judge Mehalchick:

I represent the Plaintiff in the above-referenced matter. I am writing to request a discovery conference with the Court to resolve a discovery issue that the parties have been unable to resolve without Court involvement.

By way of background, Plaintiff served discovery requests on Toyota Motor Credit Corp. (hereinafter "Toyota") on July 2, 2026. At the request of Toyota's counsel, Plaintiff agreed to extend the time for Toyota to respond to these requests until August 21, 2026. On August 19, 2026, counsel for Toyota contacted the undersigned, and for the first time mentioned that Toyota sought a protective order. However, Toyota was not willing to provide even a list of documents it felt would warrant protection, so the undersigned was unable to consider whether any type of protection was warranted. Thereafter, on August 21, 2026, Toyota filed a motion for a protective order, and emailed objections and responses to the discovery requests. However, Toyota refused to provide even a single document in response to the discovery requests until the Court entered a protective order. While Plaintiff could potentially understand the refusal to provide *some* documents without a protective order, if Toyota truly believes that one is appropriate, the refusal to provide *any* documents—including ones that could almost certainly

never warrant protection—should not be permitted.[1] For example, Plaintiff has requested recordings of telephone calls that Toyota had with his wife. It is nearly impossible to fathom how a telephone call that involves the Plaintiff's wife, and which involves the Plaintiff's account with Toyota, could ever satisfy the Rule 26(c) standard for a protective order.

The parties have conferred on this matter, and have agreed that they have exhausted all efforts to resolve the dispute without Court intervention. Plaintiff therefore requests a discovery conference with the Court. Thank you for your time and attention to this matter.

Sincerely yours,

Brett Freeman

cc: Jaimy Rothschild Rippe, Counsel for Toyota Motor Credit Corp. *(VIA CM/ECF ONLY)*

---

[1] And, of course, as Toyota has not even provided a list of what documents it believes warrant protection, there is no way for Plaintiff to determine whether he even agrees that <u>any</u> of the documents are being properly withheld.