**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN CULLITON,<br><br>Plaintiff<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:26-CV-00262<br><br>(MEHALCHICK, J.) |

**ORDER**

**AND NOW,** this **24th** day of **September 2026**, it having been reported to the court that this matter has settled, **IT IS HEREBY ORDERED** that all deadlines in the above-captioned action are **STAYED**, the Clerk of Court is directed to mark this matter **CLOSED** for statistical purposes only, and the parties shall, as soon as practicable, submit an appropriate dismissal filing in accordance with Federal Rule of Civil Procedure 41(a).[1]

**BY THE COURT:**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] Rule 41 contemplates three methods of dismissal. Before an answer or summary judgment motion has been filed, an action can be dismissed by a notice of dismissal signed by the plaintiff alone. See Fed. R. Civ. P. 41(a)(1)(A)(i). After an answer or motion for summary judgment has been filed, the parties can dismiss a case by filing a stipulation of dismissal signed by all parties to have appeared. See Fed. R. Civ. P. 41(a)(1)(A)(ii). Either of these filings operates to close the case and end the court's jurisdiction without further court action. For any dismissal that is conditional or otherwise requires court approval, including, for examples, a request that the court retain jurisdiction for a specific period of time for enforcement of the settlement, the plaintiff shall submit a motion to dismiss setting forth the requested terms for dismissal, accompanied by a proposed order. See Fed. R. Civ. P. 41 (a)(2).